ROB L. PHILLIPS
Nevada Bar No. 8225
Rob.phillips@fisherbroyles.com
FISHERBROYLES, LLP
5670 Wilshire Blvd.
Suite 1800
Los Angeles, California 90036
Telephone: (702) 518-1239
*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WEBSITE MANAGEMENT SYSTEMS, LLC, a Nevada Limited Liability Company<br><br>Plaintiff,<br><br>v.<br><br>BENJAMIN DAILEDA, an individual residing in Nevada, MELVIN OMAN, an individual residing in Nevada, DEVAN HIRST, an individual residing in Nevada, YES WE WILL, INC., a Nevada Corporation, and DOES 1-X,<br><br>Defendants. | Case No.: 2:20-cv-00213<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO FILE UNDER SEAL PROPRIETARY AND CONFIDENTIAL DOCUMENTS IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION** |

Pursuant to LR-IA 10-5, Plaintiff Website Management Systems, LLC ("WMS"), by and through its counsel, hereby moves this Court for leave to file certain confidential and proprietary documents under seal. The documents to be filed under seal are Exhibits B-F of the Reply to Defendant's Opposition to Plaintiff's Motion for Preliminary Injunction (Dkt. No. 13). Exhibits B-F comprise Plaintiff's trade secrets.

The Exhibits are lodged under seal for review by this Court in association with the Reply and each of the Exhibits is designated CONFIDENTIAL – ATTORNEYS EYES ONLY for the purpose of (i) maintaining the trade secret status of the documents and (ii) conforming to the terms of Rule 26(c) Protective Order which Plaintiff expects to filed and approved in this action. Despite no protective order being in place yet, LR-IA 10-5 allows the Court to seal documents.

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1. LEGAL ARGUMENT

The general presumption in favor of public access to court documents "does not mandate disclosure in all cases" *San Juan Mercury News, Inc., v. U.S. Dist. Court – Northern Dist. (San Jose),* 187 F.3D 1096, 1102 (9th Cir. 1999). To overcome the general presumption of public access, a party must demonstrate that there is either "good cause" or "compelling reasons" to seal the documents at issue. *See Ctr. For Auto Safety,* 809 F.3d at 1096-97. The 9th Circuit has reiterated this principle, concluding that "compelling reasons" must be articulated to maintain the secrecy of the material attached to dispositive motions rather than the "good cause" showing requiring to seal documents filed in a non-dispositive motions. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotes omitted).

The "good cause" standard is taken from Fed. R. Civ. P. 26(c)(1), which governs the issuance of protective orders in the discovery process: "The court may, for good cause, issue an order to protect any party or person from annoyance, embarrassment, oppression, or undue burden or expense…" Fed. R. Civ. P. 26(c)(1); see also *Ctr. For Auto Safety,* 809 F.3d at 1097.

On the other hand, "compelling reasons" exist when the court files might become a vehicle for improper purposes, such as use of records to "release…trade secrets." *See Kamakana* 447 F.3d 1172, 1179 (citing *Nixon v. Warner Coom's, Inc.*, 435 U.S. 589, at 598 (1978)). Exhibits B-F associated with the Reply (Dkt. No. 13) in this case are trade secrets of Plaintiff and their release would allow competitors to take immediate advantage of years of effort by the Plaintiff to develop the trade secrets in question. Indeed, Defendants are already doing so using the trade secrets they misappropriated from Plaintiff.

This Court also has the statutory authority to seal documents under Nevada's Uniform Trade Secrets Act ("UTSA"). The USTA provides that "In any civil or criminal action, the court shall preserve the secrecy of an alleged trade secret by reasonable means, which may include, without limitation:

…3.   Sealing the records of the action…

PLAINTIFF'S MOTION FOR LEAVE TO FILE CONFIDENTIAL AND PROPRIETARY DOCUMENTS UNDER SEAL

2

FisherBroyles, LLP
5670 Wilshire Blvd., Suite 1800
Los Angeles, CA 90036
Telephone: (702) 518-1239

Nev. Rev. Stat. § 600A.070.

In this instance, Exhibits B-F specifically detail Plaintiff's trade secrets as follows:

Exhibit B - Plaintiff's proprietary and confidential Lead Generation Process;

Exhibit C - Plaintiffs' proprietary and confidential Fulfillment and Search Engine Optimization Process; and

Exhibits D-F - Screen shots of Plaintiff's proprietary and confidential Website Demo in comparison to the website Demo being used by Defendants.

Compelling reasons exist for maintaining the secrecy of the trade secret information set forth in Exhibits B-F. As set forth Plaintiff's Motion for Preliminary Injunction (Dkt. No. 8) and the Reply to Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction (Dkt. No. 13), the information set forth in Exhibits B-F form the backbone of Plaintiff's business and has been developed over the past 12 years of operations by Plaintiff and meets the definition of trade secret.

Even assuming *arguendo*, that the information set forth in Exhibits B-F did not meet the technical definition of a trade secret, "compelling reasons" nevertheless exist whereby the documents to be sealed are "sources of business information that might harm a litigant's competitive standing" such that a sealing is warranted. *See, Nixon,* 435 U.S. at 598. The 9th Circuit has stated that "…a trade secret may consist of a compilation of data, public sources or a combination of proprietary and public sources." *United States v. Nosal* 676 F.3d 854 (9th Cir. 2012).

Accordingly, under the\ standards set forth in *Kamakana*, as well as under NRS § 600A.070, this Court should preserve the secrecy and confidentiality of Exhibits B-F as these documents contain the trades secrets of Plaintiff which are at issue in this case. Thus, the exception to public disclosure of trade secret documents outweighs the general presumption of public access. *See Kamakana* 447 F.3d at 1179-81.

PLAINTIFF'S MOTION FOR LEAVE TO FILE CONFIDENTIAL AND PROPRIETARY DOCUMENTS UNDER SEAL

3

**FISHERBROYLES, LLP**
5670 Wilshire Blvd., Suite 1800
Los Angeles, CA 90036
Telephone: (702) 518-1239

## II.  CONCLUSION

Based on the foregoing points and authorities, Plaintiff respectfully requests that this Court enter an order granting Plaintiff's leave to file the following documents under seal:

Exhibit B to Reply - Plaintiff's proprietary and confidential Lead Generation Process;

Exhibit C to Reply - Plaintiffs' proprietary and confidential Fulfillment and Search Engine Optimization Process; and

Exhibits D-F to Reply - Screen shots of Plaintiff's proprietary and confidential Website Demo in comparison to the website Demo being used by Defendants.

DATED this 2nd day of March 2020.

Respectfully submitted,

**FISHERBROYLES, LLP**

/s/ Rob L. Phillips

ROB L. PHILLIPS, ESQ.
Nevada Bar No. 8225
5670 Wilshire Blvd., Suite 1800
Los Angeles, CA 90036
Telephone: (702) 518-1239
*Counsel for Plaintiff*

PLAINTIFF'S MOTION FOR LEAVE TO FILE CONFIDENTIAL AND PROPRIETARY DOCUMENTS UNDER SEAL

4

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of March 2020, a true and correct copy of **PLAINTIFF'S MOTION FOR LEAVE TO FILE UNDER SEAL PROPRIETARY AND CONFIDENTIAL DOCUMENTS IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION** was served via The Court's ECF System as follows:

**COHEN JOHNSON PARKER EDWARDS**
375 E. Warm Springs Rd., Ste. 104
Las Vegas, Nevada 89119
H. STAN JOHNSON, ESQ.
sjohnson@cohenjohnson.com
RYAN D. JOHNSON, ESQ.
rjohnson@cohenjohnson.com

/s/ Rob L. Phillips
Rob Phillips, an employee of FisherBroyles, LLP