1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

WEBSITE MANAGEMENT SYSTEMS,
LLC, et al.,

             Plaintiffs,

    v.

  BENJAMIN DAILEDA, et al.,


             Defendants.

Case No.: 2:20-cv-00213-JCM-BNW

**ORDER**

Presently before the Court is Plaintiff Website Management Systems, LLC's ("WMS's") Second Motion for Leave to File Under Seal Proprietary and Confidential Documents in Support of Motion for Preliminary Injunction.[1] ECF No. 22.  WMS seeks to seal Exhibits B-F of the Reply to Defendant's Opposition to Plaintiff's Motion for Preliminary Injunction, which it contends contain trade secrets. *See* ECF Nos. 13-18. No opposition was filed.

### I.      Background

By way of background, Plaintiffs allege in their complaint that Defendants breached contracts between the parties, intentionally interfered with contractual relations, and committed copyright infringement, trade secret misappropriation, and fraud. ECF No. 32. Shortly after filing the complaint, WMS sought a preliminary injunction and now seeks leave to file certain exhibits to that motion under seal. *See* ECF No. 22.

---

[1] WMS's first motion to seal these documents (ECF No. 19) was denied without prejudice because of certain procedural defects related to service of the exhibits. *See* ECF No. 20. The Court allowed WMS to refile its motion by a certain deadline, which it did. *See* ECF Nos. 20, 22.

## II.     Analysis

The public has the right to inspect and copy judicial records and documents, but this is not absolute. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

If a party seeks to seal judicial records filed in connection with a dispositive motion, the party must meet the "compelling reasons" standard. *Id.* at 1178-79. This standard also applies if the records are "more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). The party seeking to seal judicial records bears the burden to "articulate compelling reasons supported by specific factual findings." *Kamakana*, 447 F.3d at  1178. Compelling reasons must outweigh public policies favoring disclosure, including "public interest in understanding the judicial process." *Id.* Generally, there are compelling reasons to seal judicial documents when the documents "might have become a vehicle for improper purposes." *Id.* at 1179. This includes the protection of trade secrets, but records that cause "embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

If a party seeks to seal judicial records filed in connection with a non-dispositive motion that are not "more than tangentially related to the merits of a case[,]" the party is subject to the less burdensome "good cause" standard. *Ctr. for Auto Safety*, 809 F.3d at 1101; *Kamakana*, 447 F.3d at 1178-79; *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). There is a lesser need for public access to such judicial records because these documents are often "unrelated, or only tangentially related, to the underlying cause of action." *Kamakana*, 447 F.3d at 1179.

Here, WMS's motion is subject to the compelling reasons standard because the exhibits WMS seeks to seal are more than tangentially related to the merits of the case. *See Ctr. for Auto Safety*, 809 F.3d at 1101-02 (applying compelling reasons standard to a motion to seal exhibits to a preliminary injunction). This is so because the exhibits WMS seeks to seal contain its trade secrets and, in its complaint, WMS alleges that Defendants misappropriated trade secrets to create websites that compete with WMS, in breach of Defendants' employment agreement. *See* ECF Nos. 22, 32. Therefore, these trade secrets are not "unrelated, or only tangentially related, to the

1    underlying cause of action" and the compelling reasons standard applies. *Kamakana*, 447 F.3d at

2    1179.

3       WMS argues that there are compelling reasons to seal Exhibits B-F because the trade

4    secrets within the exhibits are the "backbone" of WMS's business. ECF. No. 22 at 3. Over 12

5    years, WMS developed its proprietary and confidential Lead Generation Process, Fulfillment and

6    Search Engine Optimization Process, and Website Demo. ECF No. 13 Ex. B-F. Release of

7    WMS's trade secrets would "allow competitors to take immediate advantage of years of effort by

8    the Plaintiff to develop the trade secrets in question." *Id*. at 2.

9       The Court agrees that these are compelling reasons to seal WMS' trade secrets. WMS is

10    asking the Court to seal a type of document that the Ninth Circuit has found sufficient to meet the

11    compelling reasons standard. *See Kamakana*, 447 F.3d at 1179. Keeping these exhibits sealed will

12    prevent the company's competitors from using the judicial records as a "vehicle for improper

13    purposes" to compete against the company. *Id*. It is not seeking to bar the public from viewing its

14    trade secrets to avoid "embarrassment, incrimination, or exposure to further litigation." Fed. R.

15    Civ. P. 26.

16       The compelling reasons articulated by WMS outweigh the public interest in maintaining

17    access to WMS's trade secrets. *See Kamakana*, 447 F.3d at 1179. Allowing the public to view

18    WMS's trade secrets will do little to advance the public's understanding of the facts of this case

19    and the judicial process. *See id*. WMS has overcome the strong presumption in favor of public

20    access. *See id*. at 1178.

21    **III.    Conclusion**

22       **IT IS ORDERED** that Plaintiff's Second Motion for Leave to File Under Seal

23    Proprietary and Confidential Documents in Support of Motion for Preliminary Injunction (ECF

24    No. 22) is GRANTED.

25       DATED: June 22, 2020

26

27    BRENDA WEKSLER
     UNITED STATES MAGISTRATE JUDGE

28